**Illinois Bell Telephone Company, Appellee, v. Illinois Commerce Commission et al., Appellants.**

1. PUBLIC SERVICE—*Utility Act controlling on Commerce Commission in proceedings filed thereunder.* The right of a public utility corporation to charge increased rates is to be determined under the Utility Act of 1913, and not under the Commerce Commission Act of 1921 in view of section 88 of the latter Act, Cahill's Ill. St. ch. 111a, ¶ 107, providing that pending proceedings shall be determined with the same effect as if the act of 1921 had not been passed where the proposed schedule of increased rates was filed under the act of 1913 and remained undetermined when the act of 1921 became effective and such rates do not automatically be-

24       APPELLATE COURTS OF ILLINOIS.

Ill. Bell Telephone Co. v. Ill. Commerce Comm., 227 Ill. App. 23.

come effective under the provisions of the act of 1921 limiting the power of the commission to suspend hearings for 120 days plus six months, even though such schedule was suspended from time to time for a period exceeding that limited, where the rates were finally permanently suspended by the Commerce Commission as unjustifiable, such proposed increase being within the prohibition of the Act of 1913, sec. 36, against any increase except upon a showing before the commission and a finding by it justifying the increase.

2. PUBLIC SERVICE—*exclusiveness of remedy for review prescribed by Commerce Commission Act.* An applicant for increased rates for public utility service must invoke the remedy at law provided by the Commerce Commission Act, section 67, Cahill's Ill. St. ch. 111a, ¶ 86, providing for a rehearing and section 68, Cahill's Ill. St. ch. 111a, ¶ 87, providing for appeal to review an order denying such increase, and cannot go into equity to review and annul the order of the Commerce Commission by enjoining its enforcement on the ground of its alleged illegality.

Appeal from the Circuit Court of Sangamon county; the Hon. ELBERT S. SMITH, Judge, presiding. Heard in this court at the April term, 1922. Reversed. Opinion filed July 10, 1922.

EDWARD J. BRUNDAGE, ALBERT D. RODENBERG and WILLIAM E. TRAUTMANN, for appellants.

VICTOR P. MICHEL and SHELTON F. McGRATH, as *amici curiæ*.

CUTTING, MOORE & SIDLEY, for appellee; PHILIP BARTON WARREN and WILLIAM DEAN BANGS, of counsel.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

The appellee, Illinois Bell Telephone Company, legal successor to the Central Union Telephone Company, filed a bill in equity in the circuit court of Sangamon county against the Illinois Commerce Commission and the Attorney General, Edward J. Brundage, praying that the defendants in the bill and each of them be perpetually enjoined from commencing any suit or proceeding at law or in equity to enforce the provi-

THIRD DISTRICT—JULY, 1922.        25

Ill. Bell Telephone Co. v. Ill. Commerce Comm., 227 Ill. App. 23.

sions of the Illinois Commerce Commission law against the appellee by reason of appellee's charging or collecting its schedule of rates for local telephone service in the City of Momence, filed April 1, 1920, and, which it claims, became legally effective August 26, 1921. The defendants in the bill, who are appellants, filed a general and special demurrer to the bill, the demurrer was overruled by the court, and the appellants having elected to stand by the demurrer, a decree was entered granting the injunction prayed for. From this decree an appeal is prosecuted.

It appears from the averments in the bill, and exhibits which are attached to and made part of the bill, that the schedule of rates filed by the Central Union Telephone Company with the Utilities Commission on April 1, 1920, for a change in the rates which appellee was charging for telephone service in the City of Momence involved an increase of the rates which were then in force, and this fact is found by the commission. On April 19, 1920, the commission suspended the rates pending a hearing thereon. On July 28, 1920, the commission again suspended the rates for a period of six months, for the reason that no decision had been reached concerning the reasonableness of the rates proposed. On February 18, 1921, the commission again suspended the proposed rates, and on July 28, 1921, a further order of suspension was made by the Commerce Commission, the successor, under the act of 1921, of the Utilities Commission. On October 31, 1921, the Commerce Commission entered an order permanently suspending the rates proposed, and annulling and canceling the same. It is contended by the appellee that the Commerce Commission had no legal right or authority under the provision of the Commerce Commission Act to suspend the rates proposed in its schedule after a period of more than 120 days, plus six months, had elapsed, and that after this limit had been passed, the rates became effective automati-

cally under the provisions of the act referred to. It must be pointed out, however, that the schedule of rates in question was filed before the passage and taking effect of the Commerce Commission Act with the Utilities Commission under the act of 1913, and a hearing had thereon, and that the proceedings were still pending before the Public Utilities Commission at the time the present Commerce Commission Utilities Act went into force and effect, which was July 1, 1921. The saving clause in section 88 of the latter Act [Cahill's Ill. St. ch. 111a, ¶ 107], which pertains to the matters here involved, is as follows: "Any investigation, hearing or proceeding, instituted or conducted by the Board of Railroad and Warehouse Commissioners, State Public Utilities Commission or Public Utilities Commission, prior to the taking effect of this Act, shall be conducted and continued to a final determination by the Illinois Commerce Commission with the same effect as if this Act had not been passed." It seems apparent from the language used in this saving clause that the hearing and proceeding in question until its final determination was subject to the provisions of the Utilities Commission Act of 1913. Section 36 of the Utilities Act of 1913 contains this express provisions: "No public utility shall increase any rate or other charge, or so alter any classification, contract, practice, rule or regulation as to result in any increase in any rate or other charge, under any circumstances whatsoever, except upon a showing before the commission, and a finding by the commission that such increase is justified." Under the clause referred to, the proposed rates in appellee's schedule which involved an increase could not become legally effective except upon a finding by the commission that the increase was justified. *State Public Utilities Commission v. Chicago, P. & St. L. R. Co.*, 282 Ill. 162. The commission did not make such a finding, but on the contrary made a finding at the time the commission made its final

order that the hearings, which had been held in the matter by the commission, and the evidence adduced, among other things included data covering the cost of operation during the year 1920 and the early part of 1921. And that since the filing of the proposed rates there had been a marked decline in the price of labor and materials entering into the cost of rendering telephone service; and that under these conditions it would be unfair at that time, to fix the rates; that it would not be fair to the appellee nor its patrons to attempt to fix rates under conditions, and upon the cost of operation, that prevailed in 1920 and the early part of 1921, when such conditions and costs "did not then prevail"; and therefore permanently suspended and annulled and canceled the rates in question. In effect, the commission found that the increase would not be justified, and therefore annulled the rates. If the commission was in error in making such an order, or such order was not justified by the evidence and data before the commission, the appellee had a complete remedy at law under the provisions of the Commerce Commission Act. Under section 67 of that Act [Cahill's Ill. St. ch. 111a, ¶ 86] appellee had the right to apply for a rehearing; and under section 68 [Cahill's Ill. St. ch. 111a, ¶ 87], if a rehearing were denied, it had a right to appeal from the order to the circuit court of the county where the subject-matter of the hearing was situated. By virtue of the sections referred to, the remedy provided for from an order or decision of the commission, which is claimed to be erroneous or unjust, is adequate and complete. The bill in question is an attempt by bill in equity to review and annul a decision and order of the Commerce Commission, because it is claimed to be illegal, instead of having such decision or order reviewed in the manner and form provided by law.

For the reasons stated, we are of opinion that the demurrer to the bill should have been sustained, and

that the court erred in entering the decree for the injunction prayed for. The decree is therefore reversed.

*Decree reversed.*